```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

PENNY S. SABLATURA, d/b/a      §
KOKOPELLI.COM,                 §
                               §
     Plaintiff,                §
                               §
v.                             §     CIVIL ACTION NO. H-10-472
                               §
KOKOPELLI, INC.,               §
                               §
     Defendant.                §
```

MEMORANDUM AND ORDER

Pending is Defendant Kokopelli, Inc.'s Motion to Dismiss (Document No. 13.  After having carefully considered the motion, the submissions of the parties, and the applicable law, the Court concludes that the motion should be granted.

Defendant Kokopelli, Inc. ("Kokopelli") is a New York corporation with its principal place of business in West Ossipee, New Hampshire.[1]  Plaintiff Penny S. Sablatura, d/b/a Kokopelli.com runs her internet business out of her home in Harris County, Texas.[2]  Kokopelli sent a letter to Plaintiff alleging trademark infringement under the Lanham Act, cybersquatting, and abuse under ICANN.[3]  Kokopelli's letter called upon Plaintiff to "cease and

---

[1] Document No. 17 at 1.

[2] Document No. 1 at 2.

[3] Document No. 1 at 3-4. ICANN is the Internet Corporation for Assigned Names and Numbers.  Id. at 4.

desist" the use of "Kokopelli.com" and transfer the domain name to Kokopelli.[4]  Plaintiff thereupon filed her Original Complaint for Declaratory Judgment Action Regarding Service Mark against Kokopelli.[5]  Kokopelli now moves to dismiss the action for lack of personal jurisdiction, claiming not to do business in Texas, nor to have purposefully availed itself of the benefits and protections of Texas law.[6]

A.   Standard of Review

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution.  *See* Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that

---

[4] Id.

[5] Document No. 1.

[6] Document No. 13.

the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945).  Two types of personal jurisdiction are recognized: (1) specific; and (2) general.  Specific jurisdiction exists when the cause of action relates to or arises out of the defendant's contacts with the forum.  *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984).  Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum.  *See* id. at 1872-73.

When an evidentiary hearing on the question of jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a *prima facie* case of personal jurisdiction.  Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999).  Proof by a preponderance of the evidence is not required.  Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000).  A plaintiff may present a *prima facie* case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. *See* WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the

parties' affidavits and other documentation must be resolved in the plaintiff's favor.  *See* Alpine View, 205 F.3d at 215.

B.  Analysis

Plaintiff's only argument is that the Court has specific jurisdiction over Kokopelli.  Plaintiff neither alleges nor demonstrates, however, that Kokopelli has had any contact with Texas other than sending the cease-and-desist letter to Plaintiff in Texas in February, 2010.  Kokopelli argues that merely "sending a cease-and-desist letter solely to the alleged infringer" in Texas does not permit this Court to exercise personal jurisdiction over it.[7]  In other words, it is Kokopelli's position that asserting its right to its trademark against a Texas citizen is insufficient to confer personal jurisdiction over it in Texas.

Plaintiff relies on SGS-Thompson Micro-Electronics, Inc. v. Ferris for her contention that a single cease-and-desist letter alleging trademark infringement is enough to establish personal jurisdiction over Kokopelli.[8]  No. 93-9115, 1995 WL 313932 (5th Cir. May 1, 1995).  In SGS-Thompson, however, the plaintiff pleaded tort causes of action, including tortious harassment, extortion, and defamation, based upon the content of the defendant's letter.  The district court therefore found that the tort claims "arose out

---

[7] Document No. 17 at 2.

[8] Document No. 14 at 3-4.

4

of" the contents of the cease-and-desist letter.  Id. at *1, *3 & n.5.  In contrast, Plaintiff in her Complaint alleges no tortious action by Kokopelli but seeks only declaratory relief that its Internet address and domain name plus logo do not infringe on Kokopelli's service mark.[9]  As such, Plaintiff's claims do not arise out of Kokopelli's letter.[10]  *See, e.g.,* Ham v. La Cienega Music Co., 4 F.3d 413, 416 (5th Cir. 1993) (explaining that the sending of a cease-and-desist letter, "although it forms the basis for [plaintiff's] allegations about the existence of a live controversy, *in no way relates to the merits of the copyright question* and thus does not support personal jurisdiction in Texas." (emphasis added)); DNH, LLC v. In-N-Out Burgers, 381 F. Supp. 2d 559, 564 (E.D. La. 2005) (Vance, J.) ("Courts have repeatedly held, however, that cease-and-desist letters are insufficient to confer specific personal jurisdiction because '[p]rinciples of fair play and substantial justice afford [a party] sufficient latitude to inform others of its . . . rights without subjecting itself to jurisdiction in a foreign forum." (collecting cases)).  Because Kokopelli has not engaged in "purposeful activities directed at the forum state [and has not] invoked the benefits of [this] state's laws," Ham, 4 F.3d at 415, the exercise of personal jurisdiction

---

[9] *See* Document 1 at 6-7.

[10] Id.

over it would offend due process. Accordingly, the motion to dismiss will be granted.

### Order

For the foregoing reasons, it is

ORDERED that Defendant Kokopelli, Inc.'s Motion to Dismiss (Document No. 13) is GRANTED, and this case is DISMISSED for lack of jurisdiction.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this <u>29th</u> day of October, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE